UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> AG-TECH INC., <br><br> Defendant. | Case No. 18-cv-05411-JSC <br><br> **ORDER TO SHOW CAUSE RE: SERVICE OF PROCESS** <br><br> Re: Dkt. No. 22 |

In this civil action, Plaintiffs, several employee benefit plans and their trustees, the Heavy and Highway Committee, and the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers AFL-CIO, allege that Defendant Ag-Tech, Inc. failed to pay contributions to the trust funds as required by the parties' bargaining agreements. Plaintiffs' motion for default judgment requesting unpaid contributions, liquidated damages, interest, and attorneys' fees and costs is now pending before the Court. Because the Court has concerns regarding the adequacy of service, Plaintiffs are ORDERED TO SHOW CAUSE as follows.

**DISCUSSION**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Service on a corporation may be made by delivering a copy of the summons and complaint in accordance with state law where the district court is located. *See* Fed. R. Civ. Proc. 4(e)(1) & 4(h)(1)(A). California law states that service on a corporation may be made by serving "the person designated as agent for service of process." Cal. Civ. Proc. Code § 416.10(a). Service may be completed by personal service, Cal. Civ. Proc. Code § 415.10, or by leaving the summons and complaint "during usual office hours in [the

person's] office or, if no physical address is known, at his or her usual mailing address… with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left," Cal. Civ. Proc. Code § 415.20(a).

Here, the summons listed Defendant's name and address as "AG-TECH INC., a California Corporation; c/o Jordan L. Henne, Agent for Service of Process; 925 Timbell Rd.; Waterford, CA 95386" (the "Timbell Road" address). (Dkt. No. 6.) Additionally, the California Secretary of State website gives Defendant's agent as Jordan L. Henne and the address for service of process as the Timbell address. *See Business Search – Entity Detail*, CALIFORNIA SECRETARY OF STATE, https://businesssearch.sos.ca.gov/ (select "Corporation Name" search type and search "ag-tech") (last visited June 10, 2019). However, the Proof of Service states that the Complaint and Summons were served on Ag-Tech's agent for service of process, Jordan Henne, by substituted service by leaving copies with Kristina Henne, wife of the agent for service, at 5476 Greenoaks Drive, Riverbank, CA 95367 (the "Greenoaks Drive" address) as well as by mail at the same address. (Dkt. No. 11 at 2, 4.)

Plaintiff's motion for default judgment does not address (1) that Defendant was served at a different address than the one identified for the agent for service of process, or that (2) substituted service was made on the wife of the agent for service of process. While substituted service may be proper, "Plaintiffs must [] be reasonably diligent in their attempts at direct service before substitute service is permitted." *Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170 JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005). Plaintiffs have provided no information regarding what efforts were made to serve Defendant prior to making substituted service. *See Aussieker v. M&S Green-Power Energy, Inc.*, No. 2:18-cv-03234-JAM-AC, 2019 WL 2183783, at *4 (E.D. Cal. May 21, 2019) (recommending denial of motion for default judgment because plaintiffs did not attempt personal service two or three times before using substitute service). Nor have Plaintiffs shown that the Greenoaks Drive address is an office address as required by Cal. Civ. Proc. Code § 415.20(a). *See Gambord v. Westside Gas, Inc.*, No. 17-cv-00262-BLF, 2017 WL 2774408, at *3 (N.D. Cal. June 26, 2017) (finding that substituted service by leaving the

summons and complaint with the agent's wife at their residence would be ineffective because the agent's address is not defendant business's address). The California Code of Civil Procedure allows service by leaving a copy of the summons and complaint at the person's dwelling, but only in particular circumstances, which are not present here. *See* Cal. Civ. Proc. Code § 415.20(b); *see also* Cal. Civ. Proc. Code §§ 416.60, 416.70, 416.80, 416.90.

Accordingly, Plaintiffs are ORDERED TO SHOW CAUSE regarding the adequacy of service. In particular, Plaintiffs shall file a written response to this Order by June 27, 2019. The June 27, 2019 hearing on Plaintiff's motion for default judgment is VACATED. The Court will take the motion under submission upon receipt of the order to show cause response.

**IT IS SO ORDERED.**

Dated: June 14, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge